IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

COURTNEY MCFEATERS,

    Defendant.

Criminal No. 11-0176
ELECTRONICALLY FILED

**ORDER OF COURT**

Before the Court is Defendant Courtney McFeaters' Motion to Reconsider the most recent sentence imposed by this Court. Doc. no. 154.

By way of background, this Court originally sentenced Defendant on March 13, 2013, after she pled guilty to conspiracy in violation of 18 U.S.C. § 371. Doc. no. 98. The original sentence carried an imprisonment term of time served and three years of supervised release. Id.

While serving her three-year term of supervised release, Defendant violated several terms of her supervised release, causing her probation officer to file a Petition for Warrant for Offender Under Supervision. Doc. no. 111. On December 2, 2015, this Court held a hearing on the Petition, and during that hearing, Defendant pled guilty to five violations of her supervised release terms and conditions.[1] Doc. nos. 152-153.

The guideline range for these violations was an imprisonment range of eight to fourteen months, and the statutory maximum term of imprisonment for the violations was twenty-four

---

[1] Defendant's violations were: (1) not participating in a program of testing, and if necessary, treatment for substance abuse; (2) not reporting to Probation in a manner and frequency directed by the Court or Probation Officer; (3) not reporting to the Probation Officer as directed to submit a truthful and complete written report each month; (4) not making her restitution payments; and (5) not notifying Probation of a change in employment.

months because Defendant's original conviction for conspiracy was a Class D felony. 18 U.S.C. § 3583(e)(3). If less than the statutory maximum term of imprisonment was imposed this Court as punishment for her supervised release violations, the Court had discretion to place Defendant on a term of supervised release following the term of imprisonment. 18 U.S.C. § 3583(h).

During the hearing, the Government presented evidence of Defendant's multiple supervised release violations, and the Defendant pled guilty to all five violations. Despite the evidence presented by the Government, and despite her decision to plead guilty to all of the violations, counsel for Defendant request that Defendant be release to "time served."

In declining to sentence Defendant yet again to "time served," the Court noted for the record that the Petition for Warrant of Offender under Supervision indicated, *inter alia*, that on April 8, 2014 and May 28, 2014, a Report of Drug Use issued. Doc. no. 111. In addition, the Petition, filed on June 26, 2015, noted that as of April 22, 2015, the Probation Officer had no contact with Defendant, and alleged that Defendant had failed to present herself for drug testing on eight different occasions. Id. The Petition also indicated Defendant had "refused" to provide the Probation Officer with her address (her whereabouts were unknown at the time), her employment status information (she had been terminated from Qdoba on January 1, 201,5 but did not inform her probation officer), and failed to: (1) file her monthly reports, and (2) make payments toward her restitution. Id.

Because the Court had previously sentenced Defendant to "time served," the Court declined to sentence Defendant to yet another term of imprisonment to "time served." Instead, the Court ordered her to serve thirteen months of imprisonment, with credit for time served. Doc. no. 153. The Court announced its decision and articulated its reasons for this term of imprisonment as outlined above during the hearing. Further, during the hearing, the Court was

again made aware that Defendant had and has a drug problem (which may or may not be the cause of her re-offending behaviors), and ordered that when she was released from prison she should directly report to Pennsylvania Organization for Women in Early Recovery ("POWER"). The Court indicated during the hearing that it hoped that this sentence would better lead to Defendant's rehabilitation.

Defendant's Motion seeks reconsideration of the duration of the thirteen-month imprisonment term. In support of her Motion for Reconsideration, Defendant claims that during the hearing for her supervised release violations, her counsel failed to tell Court that Defendant was not immediately released at the time of her original sentence (on March 13, 2013) – when the Court sentenced her to "time served." Defendant states that she had to finish her state parole time and remained in jail until January 14, 2014. Defendant further states that on January 14, 2014, she was "released to Gateway [Rehabilitation Center] because she had no home plan[.]" She was released from Gateway on March 31, 2014. The Motion for Reconsideration also claims that Defendant's mother has "been in touch with the probation officer. [Defendant's mother] is not well, and now requires Defendant's help to care for her."

This Court will deny Defendant's Motion for Reconsideration for the reasons set forth below.

"Motions for reconsideration may be filed in criminal cases." *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003); *United States v. Bennett*, 514 F. App'x 151, 153–54 (3d Cir. 2013). The purpose of a motion to reconsider is "to correct manifest errors of law or fact or to present newly discovered evidence." *Bootay v. KBR, Inc.*, 437 F. App'x 140, 146–47 (3d Cir. 2011) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). There are three circumstances in which a Court may grant a motion for reconsideration: (1) there has been an

3

intervening change in the law; (2) new evidence is now available that was not available when the court entered judgment; or (3) there is a need to correct a clear error of law or fact, or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 667 (3d Cir. 1999) (cited by *United States v. Korey,* No. 08-0039, 2009 WL 1940381, *1 (W.D. Pa. June 30, 2009)).

Defendant's current Motion for Reconsideration is not based upon any of these three above-referenced grounds. There has been no intervening change in the law, and there has been no new evidence now available that was not available when this Court entered judgment on December 11, 2015. Thus, even construing the Defendant's Motion to Reconsider in a light most favorable to her, the only possible basis for reconsideration would be if this Court needed to correct a clear error of law or fact or prevent manifest unjustice. The Court finds no such error of law or fact to be present in Defendant's Motion to Reconsider. Accordingly, there is no legal basis upon which this Court can reconsider its most recent sentence (which was within the guideline range), and thus, upholds its sentence of thirteen months imprisonment with credit for time served, and for her to be released from prison to POWER upon her completion of her imprisonment term.

Accordingly, Defendant's Motion for Reconsideration (doc. no. 154) is **DENIED**.

**SO ORDERED** this 16th day of December, 2015.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties